# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leesa Jacobson and Peter Ragan,<br><br>Plaintiffs,<br><br>v.<br><br>United States Department of Homeland Security, *et al.*,<br><br>Defendants. | No. CV-14-02485-TUC-BGM<br><br>**SCHEDULING ORDER** |

The Court has reviewed the parties' Joint Report and conducted a Scheduling Conference on August 14, 2018. Accordingly, **IT IS HEREBY ORDERED** that the scope of discovery shall not be limited to Plaintiffs' previous request pursuant to Rule 56(d), Federal Rules of Civil Procedure. Rather discovery shall be constrained by the Federal Rules of Civil Procedure, the claims alleged in Plaintiffs' Complaint (Doc. 1), and the affirmative defenses contained in Defendants' Answer (Doc. 109).

**IT IS FURTHER ORDERED** that the parties abide by the following schedule and rules:

A. All parties are granted until **October 22, 2018**, to move to **join** additional parties or to **amend** their pleadings.

B. **Mandatory Initial Discovery Pilot Project**, the parties have exchanged initial disclosures consistent with the Mandatory Initial Discovery Pilot Project

("MIDP").[1]

C. Disclosure of **expert testimony** shall occur as follows:

1. Simultaneous full and complete initial expert disclosures as required by Rule 26(a)(2)(A)–(C) of the Federal Rules of Civil Procedure shall occur on or before **January 17, 2019**.

2. Full and complete rebuttal expert disclosures as required by Rule 26(a)(2)(A)–(C) of the Federal Rules of Civil Procedure on or before **March 14, 2019**.

3. Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[2]

4. As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports disclosed under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates.

---

[1] General Order 17-08 implements the MIDP and should be reviewed carefully.

[2] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id.* For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

    5. Each side shall be limited to one retained or specially employed expert witness per issue.

    6. Expert depositions shall be completed on or before **March 28, 2019**.

  D. Parties shall disclose the names of all **fact witnesses** on or before **March 1, 2019**.

  E. **Electronically Stored Information ("ESI").** The parties shall each electronically produce imaged copies of responsive and non-privileged electronic and paper documents, Bates-stamped, at a resolution of at least 300 dots-per-inch (dpi).  If the origin document had native text, the parties shall produce single-page Group IV .TIFF images with accompanying text files where the origin document had native text.  The Parties shall produce the native file format for Excel, Access database, and other similar files.  In each case, a separate load file will be provided with the specified metadata.  Also, a producing party shall not be required to produce in TIFF format when the conversion to image TIFF format would impose unreasonable cost on the producing party or would result in unintelligible documents.  Under such circumstances, the producing party shall notify the requesting party within a reasonable time after learning of the issue and the parties shall meet and confer regarding an acceptable production format.  The Parties agree to apply global de-duplication to its productions.

  All TIFF images and PDF files will be endorsed with a Bates number that will also be used as the filename.  The Bates numbers should be unique, always contain the same number of digits with no spaces, and be zero-padded.  Native format documents will be produced with TIFF placeholders.

  Electronic documents shall be produced with the following metadata fields, when those fields are reasonably available:

| | | |
|---|---|---|
| Production Begin | The first stamp value in the produced document range for a given record. For native-only productions, this would be the value assigned to the native record. | Fixed-Length Text |
| Production End | The first stamp value in the produced document range for a given record. For native-only productions, this would be the value assigned to the native record. | Fixed-Length Text |
| Production Begin Attachment | The first stamp value in the produced document range for a given record. For native-only productions, this would be the value assigned to the native record. | Fixed-Length Text |
| Production End Attachment | The first stamp value in the produced document range for a given record. For native-only productions, this would be the value assigned to the native record. | Fixed-Length Text |
| Custodian | Primary custodian name as assigned to a given record. | Multiple Choice |
| File Name | The original name of the record as it was included in the collection. | Long Text |
| File Path | The original path of the record as it was included in the collection. | Long Text |
| Subject | If an email, then the subject line of a given email. If an Office document then the application recorded "subject" field of a given record. | Long Text |
| File Size Bytes | The size of any given record, including attached or embedded objects, in bytes. Needs to be read-only in any layout. | Whole Number |
| File Extension | The original extension of the record as it was included in the collection. | Fixed-Length Text |
| Page Count | The recorded "page count" field of a given record. | Whole Number |

- 4 -

| | | |
|---|---|---|
| Attachment Count | The number of attachments any given item possesses.  Some processing engines include embedded documents in the count and some do not. | Whole Number |
| Attachment Names | The names of the attachments any given item possesses.  Some processing engines include embedded documents in the list and some do not. | Long Text |
| Author | The application recorded "author" field of a given record.  Needs to be read-only in any layout. | Long Text |
| BCC | The complete list of all names and emails of all individuals contained in the "BCC" field of a given email record.  Format may differ between processing applications.  Needs to be read-only in any layout. | Long Text |
| CC | The complete list of all names and emails of all individuals contained in the "CC" field of a given email record.  Format may differ between processing applications.  Needs to be read-only in any layout. | Long Text |
| From | The name and email of the individual contained in the "From" field of a given email record.  Format may differ between processing applications.  Needs to be read-only in any layout. | Long Text |
| To | The complete list of all names and emails of all individuals contained in the "To" field of a given email record.  Format may differ between processing applications.  Needs to be read-only in any layout. | Long Text |
| DateTime Created | The application recorded datetime indicating when a given record was created.  Needs to be read-only in any layout. | Date |

| | | |
|---|---|---|
| DateTime Modified | The application recorded datetime indicating when a given record was last modified. Needs to be read-only in any layout. | Date |
| DateTime Received | The datetime captured by the mail store indicating when a given email record was received. Needs to be read-only in any layout. | Date |
| DateTime Sent | The datetime captured by the mail store indicating when a given email record was sent. Needs to be read-only in any layout. | Date |
| MD5 Hash | The MD5 Hash value of a given record. Needs to be read-only in any layout. | Fixed-Length Text |
| File Type | The file type of a given record determined by the processing platform during processing. | Fixed-Length Text |
| GroupID | Contains the Group Identifier for the family in order to group files with their attachments. | Fixed-Length Text |
| ParentID | Contains the Document Identifier of an attachment's parent. | Fixed-Length Text |
| Text Filepath | Relative file path of the text file associated with either the extracted text or the OCR. | Long Text |
| Native Link | Relative file path location to the native file. | Long Text |

The Parties will coordinate to ensure that these fields are named consistently in load files.

Paper documents included in a party's production shall be scanned to imaged copies and produced in the same manner specified for electronic documents. The imaged copies of scanned paper documents will be logically unitized (i.e., to preserve page breaks between documents and otherwise allow separate documents to be identified).

The Parties reserve the right to request that any document be produced in native format. Any such request shall be made for specific documents, identified by Production

- 6 -

Numbers/Bates Numbers.  Any such request will not be unreasonably denied.

F. All **discovery**, including depositions of parties and witnesses, shall be completed by **February 11, 2019**.

    1. Generally, the limits on discovery by as set forth in Rules 30, 31, and 33, Federal Rules of Civil Procedure, shall apply:  twenty-five (25) single-part question interrogatories, depositions of parties and respective experts, and not more than ten non-party fact witness depositions per party.

    2. Notwithstanding any provisions of the Federal Rules of Civil Procedure or any other provisions of this Order, non-party witnesses shall *not* be allowed to attend, physically, electronically or otherwise, the deposition of any other witness in this case without an Order of the Court to the contrary.

    3. Counsel are reminded of their duty under Rule 26(e) to supplement all Rule 26(a) disclosures and responses to discovery requests.  Pursuant to Rule 26(e)(1), any additions or other changes to information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial Disclosures are due.  *This Order contemplates that all exhibits and witnesses that may be offered at trial will have been disclosed before the close of discovery.*  This Order, therefore, supersedes the "30 days before trial" disclosure deadline contained in Rule 26(a)(3).  Therefore, (1) failure to timely supplement Rule 26(a) disclosure, including but not limited to witnesses and exhibits, or (2) failure to timely supplement responses to any valid discovery requests, or (3) attempting to include any witnesses or exhibits in the Proposed Final Pretrial Order that were not previously disclosed in a timely manner as to allow for meaningful discovery prior to the discovery cutoff date, may result in the exclusion of such evidence at trial or the imposition of sanctions.

    4. Pursuant to LR Civ. 7.2(j), parties must personally consult and make a sincere effort to resolve a discovery dispute before seeking the Court's assistance.  If the parties are unable to resolve a discovery dispute, the parties shall notify the Court **by telephone** at (520) 205-4520, and the Court will schedule a telephonic conference.

**Written briefs shall be filed only at the direction of the Court.**

G. **Dispositive motions** shall be filed on or before **May 13, 2019**.

1. If a party seeks oral argument on a motion, he shall request it at the time the motion or response is filed, pursuant to LRCiv. 7.2(f).

2. Pursuant to LRCiv. 7.2, parties may file a motion, response, and reply. No additional briefing on a motion is allowed unless leave of Court is granted. Failure to file a response may be deemed a consent to a granting of the motion. A response must be served and filed within fourteen (14) days of service of the motion; the moving party has seven (7) days from service to serve and file a reply. Rule 56, Federal Rules of Civil Procedure, motions for summary judgment and Rule 12(b)(1), Federal Rules of Civil Procedure, motions to dismiss for lack of subject matter jurisdiction provide an exception to the above time limits – time for response is thirty (30) days and for reply fifteen (15) days. Unless otherwise permitted by the Court, a motion or response, inclusive of supporting memorandum but exclusive of attachments and statement of facts, shall not exceed seventeen (17) pages; a reply shall not exceed eleven (11) pages.

3. Pursuant to LRCiv. 56.1(b) all oppositions to motions for summary judgment shall include specific disputes of fact and where the record supports the dispute.

4. **A paper courtesy copy** of electronically filed substantive documents **must** be provided to the Court pursuant to LRCiv. 5.4 and the Electronic Case Filing Administrative Policies and Procedures Manual. Counsel are directed to those authorities for a list of documents that require a courtesy copy.

5. Any pleading which is submitted with more than one exhibit must be accompanied by a Table of Contents. The exhibits must be **indexed with tabs** that correspond to the Table of Contents.

6. **Do not file cross motions for summary judgment included in a response**. File a separate motion for summary judgment. Additionally, counsel shall not file separate motions for summary judgment for each issue; although a motion for partial

summary judgment prior to the discovery deadline is acceptable.

7. Absent exigent circumstances, the Court will not consider pleadings which do not conform to these requirements.

H. Counsel shall file a brief **Joint Settlement Status Report** (containing no specific settlement terms or offers) on or before **December 1, 2018**, and every **ninety (90) days** thereafter. Should this action be resolved through settlement, the parties shall advise the Court within ten (10) days of settlement. Should the parties wish to participate in a Settlement Conference through the Court, they are directed to contact the Court at (520) 205-4520. The parties are advised that the referral to a specific magistrate judge may be arranged if so stipulated by the parties. Alternatively, referral will be made randomly.

I. Counsel shall file a **Joint Proposed Pretrial Order** within **thirty (30) days after resolution of the dispositive motions** filed at the end of discovery. If no such motions are filed, a Joint Proposed Pretrial Order will be due on or before **June 12, 2019**. The content of the proposed pretrial order shall include, but not be limited to, that prescribed in the **Form of Pretrial Order** attached hereto. A status conference regarding the trial date will be set approximately two (2) to four (4) weeks after the Joint Proposed Pretrial Order is received.

1. Pursuant to Rule 37(c), Federal Rules of Civil Procedure, the Court will not allow the parties to offer any exhibits, witnesses, or other information that were not previously disclosed in accordance with the provisions of this Order and the Federal Rules of Civil Procedure, or not listed in the Proposed Pretrial Order, except for good cause.

2. The attorneys for each party who will be responsible for trial of the lawsuit shall appear and participate in a Pretrial conference to be scheduled by the Court after receipt of the pretrial order. Because Pretrial Conferences are held for the parties' benefit, and because the parties' presence will facilitate frank discussion of the pertinent issues in the lawsuit, each party or a representative with binding settlement authority shall

attend the Pretrial Conference.

3. At the Pretrial Conference, or within twenty-four (24) hours of it, parties shall contact the Court's Deputy Clerk for exhibit tags and forms for witness and exhibit lists. Counsel shall submit the witness and exhibit forms to the Deputy Clerk on the morning of trial. Copies of exhibits for the Judge shall be in a tabbed binder.

J. **Motions *in limine*** shall be filed with the Joint Proposed Pretrial Order. Responses thereto shall be filed within ten (10) days, no replies. Any hearings on the motions *in limine* shall be set at the pretrial conference.

K. If the case will be tried to the Court, rather than to a jury, the parties shall submit with their Proposed Pretrial Order, **Proposed Findings of Fact and Conclusions of Law**. They shall be submitted in both written format and on disk in a format compatible with Corel WordPerfect or Microsoft Word.

L. All non-dispositive motions shall be accompanied by a **form of order** for the Court's signature. Pursuant to LRCiv. 7.1(b)(2), the form of order shall be prepared on a separate document containing the case caption. The form of order **shall not contain the parties' letterhead**. Counsel are directed to review the Electronic Case Filing Administrative Policies and Procedures Manual for proper format and content. Forms of order shall be e-mailed to chambers at macdonald_chambers@azd.uscourts.gov.

M. **Motions for extensions** of any of the deadlines set forth above shall be governed by Rule 16, Federal Rules of Civil Procedure and LRCiv. 7.3. A motion for continuance shall be filed prior to the expiration of the deadline. *See* LRCiv. 7.3. The schedule set forth in this Order may only be modified with leave of Court and upon a showing of good cause. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–10 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond the scheduling order deadline). Additionally, any motion for continuance of a discovery deadline, including a stipulation, shall set forth specifically what discovery has been conducted to date, the discovery to be completed, and the reasons why discovery has not been completed within the deadline.

This order contemplates that each party will conduct discovery in such a manner as to complete, within the deadline, any and all discovery. "Last minute or eleventh hour" discovery which results in insufficient time to undertake additional discovery and which requires an extension of the discovery deadline will be met with disfavor, and could result in denial of an extension, exclusion of evidence, or the imposition of other sanctions.

Dated this 16th day of August, 2018.

*Bruce G. Macdonald*
Honorable Bruce G. Macdonald
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| , <br> Plaintiff, <br> vs. <br> , <br> Defendant. | No. CV-   -TUC-BGM <br><br> **PROPOSED JOINT PRETRIAL ORDER** |

Pursuant to the Scheduling Order entered _____, 20___, following is the Joint Proposed Final Pretrial Order to be considered at the pretrial conference.

**A.   COUNSEL FOR THE PARTIES**

Plaintiff(s):

Defendant(s):

**B.   STATEMENT OF JURISDICTION**.

Cite the statute(s) that gives this Court jurisdiction, and whether jurisdiction is disputed.

*Example:*   Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332.  Jurisdiction is (not) disputed.

**C.   NATURE OF ACTION**.

Provide a concise statement of the type of case, the cause of the action, and the relief sought.

*Example:* This is a products liability case wherein the plaintiff seeks damages for personal injuries sustained when he fell from the driver's seat of a forklift. The plaintiff contends that the forklift was defectively designed and manufactured by the defendant and that the defects were a producing cause of his injuries and damages.

**D.    CONTENTIONS OF THE PARTIES.**

With respect to each count of the complaint, counterclaim or cross-claim, and to any defense, affirmative defense, or the rebuttal of a presumption where the burden of proof has shifted, the party having the burden of proof shall list the elements or standards that must be proved in order for the party to prevail on that claim or defense.

*Example:* In order to prevail on this products liability case, the plaintiff must prove the following elements . . .

*or*

In order to defeat this products liability claim based on the statute of repose, the defendant must prove the following elements . . .

**E.    STIPULATIONS AND UNCONTESTED FACTS**

**F.    CONTESTED ISSUES OF FACT AND LAW**

**G.    LISTS OF WITNESSES**.

A jointly prepared list of witnesses, identifying each as either plaintiff's or defendant's and indicating whether a fact or expert witness, must accompany this proposed order.

A brief statement as to the testimony of each expert witness must be included.

**H.    LIST OF EXHIBITS**.

Each party must submit with this proposed order a list of numbered exhibits, with a description of each containing sufficient information to

identify the exhibit, and indicating whether an objection to its admission is anticipated.

Those portions of depositions that will be read at trial must be listed by page and line number. Exhibits and portions of depositions should be marked according to instructions received from the court.

**I.     MOTIONS IN LIMINE.**

Motions in limine shall be served upon each party with this proposed order. Any opposition shall be filed and served within ten (10) days, no replies.

**J.     LIST OF ANY PENDING MOTIONS**

**K.     PROBABLE LENGTH OF TRIAL**

**L.     FOR A BENCH TRIAL**

Proposed findings of fact and conclusions of law shall be filed and served on each party with this proposed order.

**M.     FOR A JURY TRIAL**

Stipulated jury instructions shall be filed thirty (30) days before trial. Instructions which are not agreed upon, and a concise argument in support of the instruction, shall be filed and served on each party thirty (30) days before trial. Objections to the non-agreed upon instruction shall be filed and served on each party within ten (10) days.

**N.     CERTIFICATION**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

    1.   All discovery has been completed.

    2.   The identity of each witness has been disclosed to opposing counsel.

    3.   Each exhibit listed herein (a) is in existence; (b) is numbered; and (c) has been disclosed and shown to opposing counsel.

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**O.     ADOPTION**

The Court may adopt this proposed Joint Pretrial Order at the Pretrial Conference or subsequent hearing.

DATED this _____ day of _____, 20___.

APPROVED AS TO FORM AND CONTENT

_____                           _____
Attorney for the Plaintiff                                              Attorney for Defendant